UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
=======================================X
WEILI FANG and CHEE RAY, LLC

                          Plaintiff,

      -against-                       Case No. 21-cv-00370

HANGZHOU JIAYU WENHUA CHUANMEI
YOUXIAN GONGSI d/b/a LUCIPHIA,
HANGZHOU LINK NETWORK TECHNOLOGY
CO LTD XU QIANDONG d/b/a FURRYBABY
and, HUACHEN HAO TRADING COMPANY
d/b/a FURRYBABY,

                          Defendants.
=======================================X

**TEMPORARY RESTRAINING ORDER:  1) TEMPORARILY RESTRAINING DEFENDANTS' MERCHANT STOREFRONTS AND ASSETS; 2) AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) AN ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 4) ORDER AUTHORIZING EXPEDITED DISCOVERY**

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order 2) an order restraining Defendants' Merchant Storefront(s) and Assets with financial institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third-Party Service Providers and Financial Institutions in light of Defendants' intentional willful offering for sale and/or sales of Counterfeit Products.

Having reviewed the Declaration of Hao Guo along with the exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following preliminary findings of fact and conclusions of law.

## **PRELIMINARY FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and selling counterfeit products through their user accounts and merchant storefront(s) including but not limited to amazon.com.

2. Amazon.com is an online marketplace and e-commerce platform owned by Amazon.com, Inc. that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their counterfeit products to retail customers. Upon information and belief these counterfeit products originate in China and delivered directly to consumers in the United States including New York.

3. Defendants are not, nor have they ever been, authorized or licensed to manufacture or sell products bearing Plaintiff's copyright protected images ("The Authentic Works"). Neither Plaintiffs nor their agents have consented to Defendants' use of The Authentic Works nor have they consented to Defendants' use of works and/or artwork that are confusingly and/or

substantially similar, to identical to and/or constitute counterfeiting or infringement of The Authentic Works.

4.  Plaintiffs are likely to prevail on their Lanham Act, copyright, and common law claims.

5.  As a result of Defendants' infringements, Plaintiff as well as consumers are likely to suffer immediate and irreparable losses, damages. and injuries before Defendants can be heard inopposition, unless Plaintiff's application for *ex parte* relief is granted as follows:

    a.  Defendants have offered for sale and sold substandard counterfeit products that infringe on Plaintiffs' rights to the Authentic Works;

    b.  Plaintiffs reasonably believe that more counterfeit products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these counterfeit products resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiffs may suffer loss of sales; and

    c.  Plaintiffs reasonably believe that if it proceeds on notice to Defendants in this application, Defendants will: (i) secrete, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with the infringing counterfeit products, the means of obtaining of manufacturing such counterfeit products, and records relating thereto that are in their possession or control, (ii) inform their suppliers and others of Plaintiffs' claims with the result being that those suppliers and others may also hide, conceal, sell-off or otherwise dispose of the aforementioned counterfeit products and other infringing goods as well as the means of obtaining or manufacturing such counterfeit products and records relating thereto that are in their possession or control; (iii) hide, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of counterfeit products or other goods infringing on Plaintiffs' intellectual property rights and records relating thereto that are in their possession or control and/or (iv) open new

user accounts and/or merchant storefront(s)s under new or different names and continue to offer for sale and sell counterfeit products with little or no consequences;

6.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Authentic Works and to Plaintiffs' reputations if a temporary restraining order is not issued.

7.     The public interest favors issuance of the temporary restraining order to protect Plaintiffs' interests in and to the Authentic Works and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard, counterfeit and infringing products.

8.     Plaintiffs have not publicized their request for a temporary restraining order.

9.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

10.    If Defendants are given notice of Plaintiffs' application, they are likely to hide, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of counterfeit and infringing products. Therefore, good cause exists for granting Plaintiffs' request for an asset restraining order. It typically takes financial institutions and third-party service providers five days after service of the Order to locate, attach and freeze Defendants' assets and/or financial accounts and it is anticipated that it will take a minimum of five days to freeze Defendants' merchant storefront(s). Accordingly, the Court allows enough time for Plaintiffs to serve the financial institutions and third-party service providers with this Order and for the financial institutions and third-party service providers to comply with paragraphs 1(B)(2) and 1(C)(2) of this order, respectively, before requiring service on Defendants.

11.     Similarly, if Defendants are given notice of the application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promotion, distributing, offering for sale and/or sale of the counterfeit and infringing products. Therefore, Plaintiffs have demonstrated good cause to be granted expedited discovery.

## ORDER

Based on the foregoing preliminary findings of fact and conclusions of law, Plaintiffs' application is hereby granted as follows:

### I. Temporary Restraining Order

A.      IT IS HEREBY ORDERED, as sufficient cause has been shown, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' application for a preliminary injunction as referred to in Paragraph IIA. below:

1)      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in counterfeit and/or otherwise infringing products bearing Plaintiffs' protected images and/or marks and/or artwork that is confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Authentic Works;

2)      directly or indirectly infringing in any manner on Plaintiffs' Authentic Works;

3)      using any reproduction, counterfeit, copy or colorable imitation of the Authentic Works to identify, adorn, market or otherwise relate in any way to goods, products or services not authorized by Plaintiffs.

4) Using Plaintiffs' Authentic Works and/or any other works, images or marks that are confusingly similar to the Authentic Works and/or any other works or images substantially similar to Plaintiffs' Authentic Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in counterfeit products.

5) Using any false designation of origin or false description or engaging in any action likely to cause confusion, cause mistake and/or deceive members of the trade and/or the public as to: the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, with Plaintiffs as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants; and Defendants' commercial activities and Plaintiffs'.

6. Hiding, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their user accounts, merchant storefront(s) or Defendants' assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of counterfeit products.

7. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any platform(s), user account(s), merchant storefront(s) or any other means of importing, exportating, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of counterfeit products for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8.  Knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(A)(1) through 1(A)(7) above and 1(B)(1) through 1(C)(1) below;

B.  IT IS FURTHER HEREBY ORDERED THAT, as sufficient cause has been shown, the Third-Party Service Providers and Financial Institutions listed in Exhibit A hereto are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' application for a preliminary injunction as referred to in Paragraph (II)(A) below, or until further order of this Court:

   1) hiding, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' assets from or to Defendants' financial accounts until further order by this court;

   2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' financial accounts; and

   3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(A)(1) through 1(A)(7) and 1(B)(2) above and I(C)(1) below.

C.  IT IS FURTHER HEREBY ORDERED THAT, as sufficient cause has been shown, the third party service provider(s) are hereby restrained and/or enjoined from engaging in any of the following acts or omissions, pending the hearing and determination of Plaintiffs' application for a preliminary injunction as referenced in Paragraph (II)(A) below, or until further order of this Court;

    1) within five days after receipt of service of this order, providing services to Defendants, Defendants' user account(s), merchant storefront(s)s, including but not limited to, continued operation of Defendants' user accounts and merchant storefront(s); and

    2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(A)(1) through 1(A)(7), 1(B)(1) through 1(B)(2) and 1(C)(1) above.

## II. Order To Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.    Defendants are hereby ORDERED to show cause before this Court by appearing at a **telephonic hearing** on **April 15, 2021, at 3:30 p.m. New York time**, why a preliminary injunction pursuant to FRCP 65(a) should not issue.  To attend the hearing, parties, counsel, and any members of the public shall dial **1-888-557-8511** at the appointed time, and enter passcode **9300838**.

    B.     IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to Neil Flynn, Esq., Rosenbaum Famularo & Segall, P.C., 138A East Park Avenue, Long Beach, New York 11561 on or before April 12, 2021.  Plaintiffs shall file and electronically serve any reply papers on or before April 14, 2021.

    D.     IT IS FURTHER ORDERED THAT Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in paragraph II(A) above may result in the imposition of a preliminary injunction against them pursuant to FRCP 65 which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III. Asset Restraining Order

IT IS FURTHER ORDERED THAT pursuant to Fed. R. Civ. P. 64 and 65 and New York C.P.L.R. Sec. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiffs' counsel.

### IV. Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED THAT pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made upon, and shall be deemed effective as to Defendants if it is completed by the following means:

1) Delivery of: (i) .pdf copies of this Order together with the Summons and First Amended Complaint, or (ii) a link to a secure website through Rmail.com and via website publication through a specific page dedicated to this Lawsuit where each Defendant will be able to download .pdf copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' email addresses to be determined after having been identified by ContextLogic pursuant to Paragraph V(C).

B. IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, such alternative service by electronic means ordered herein shall be made within five days of the Financial Institutions and Third-Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, the Clerk of the Court shall issue a single original summons in the name of all Defendants that will apply to all Defendants.

E.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a .pdf copy of this Order, or (ii) a link to a secure website where Amazon.com, Inc. will be able to download a .pdf copy of this Order via electronic mail to Amazon.com, Inc.'s general counsel;

2)  delivery of: (i) a .pdf copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a .pdf copy of this Order via electronic mail to EE Omaha Legal Specialist at eeomalegalspecialist@paypal.com;

3)  delivery of: (i) a .pdf copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a .pdf copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc. at edward.tulin@skadden.com.

V.  **Order Authorizing Expedited Discovery**

A.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown:

1) Within fourteen days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.  their true name and physical address;

    b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any

and all User Accounts and Merchant Storefront(s)s on any Third-Party Service Provider Platform that Defendants own and/or operate;

c. the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

e. the steps taken by each Defendant or other person served to comply with Section 1, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen days of service to Plaintiff's counsel;

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, within five days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum identifying information

for Defendants, including contact information for Defendants, including but not limited to, mailing addresses, email addresses, account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order

C. IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, within five days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefront(s)s, and provide Plaintiffs' counsel with a summary report containing account details for any and all User Accounts and Merchant Storefront(s)s, and provide Plaintiffs' counsel with a summary report containing account details for any and all User Accounts and Merchant Storefront(s), which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefront(s), which shall include, at a minimum, identifying information for Defendants' User Accounts and Defendants' Merchant Storefront(s), contact information for Defendants including but not limited to mailing addresses and email addresses and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED THAT, as sufficient cause has been shown:

> 1) Within fourteen days of receiving actual notice of this Order, all Financial Institutions served with this Order shall provide Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts including but not limited to:
>
> > a. account numbers;
> >
> > b. current account balances;

    c. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefront(s), including, but not limited to, names, addresses and contact information;

    d. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefront(s), including but not limited to names, addresses and contact information;

    e. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including but not limited to deposit slips, withdrawal slips, cancelled checks and account statements; and

    f. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.    IT IS FURTHER ORDERED THAT, as sufficient cause has been shown:

1) Within fourteen days of receipt of service of this Order, the Third-Party Service Providers shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Merchant Storefront(s)s including, but not limited to documents and records relating to:

    a. any and all User Accounts and Merchant Storefront(s) account details including but not limited to identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefront(s) that Defendants have ever had and/or currently

maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(c);

b. the identities, location and contact information, including but not limited to any and all email addresses that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including but not limited to, information associated with Defendants' User Accounts and Merchant Storefront(s), a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefront(s); and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing Plaintiffs' protected marks that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Authentic Works.

## VI. Security Bond

A. IT IS FURTHER ORDERED that Plaintiffs shall place security in the amount of $1000 with the Court, which amount is determined adequate forthe payment of any damages any person may be entitled to recover as a a result of

(SPACE INTENTIONALLY LEFT BLANK)

improper or wrongful enjoinment.

So Ordered.

Signed this 5th day of April, 2021 at 2:30 p.m., at New York, New York

_____
J. PAUL OETKEN
United States District Judge